GEORGE P. WOLFF *et al.*, Respondents, v. GUSTAVE ROSENBERG, Appellant.

St. Louis Court of Appeals, November 17, 1896.

Real Estate Agents : RIGHT TO COMMISSIONS. When a real estate agent is employed to sell property for a specified price, he does not fulfill his obligation, and become entitled to his compensation, by the production of a person to whom the property is subsequently sold by another agent of the vendor at a lower price. Under such circumstances he will only be entitled to compensation, if the person so produced is accepted as a purchaser at his hands by the vendor; that is, if the vendor has elected to avail himself of his services in securing such person, and effected a sale to the latter at the reduced price.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Silas B. Jones* for appellant.

*Hiram J. Grover* for respondent.

BIGGS, J.—The plaintiffs are real estate agents. They claim to have sold some property for defendant. In this action they seek to recover commissions. The case was submitted to the court without a jury and judgment was entered for plaintiffs, from which the defendant appealed.

The evidence of the plaintiffs tended to prove these facts: In 1892 the defendant employed them to sell the land for $10,000. Afterward the defendant purchased the building from the lessee, and then the price at which the plaintiffs were authorized to sell was advanced to $15,000. On the afternoon of January 2, 1895, one Tielkemeier made inquiries of plaintiffs con-

cerning the property. The plaintiffs informed him that the price asked by defendant was $15,000. At the request of Tielkemeier a representative of plaintiffs went with him to see the defendant for the purpose of finding out the lowest price for the property. At the interview with defendant he informed them that he had on that day given Levi & Epstein, another real estate firm, the exclusive right for two weeks to sell the property for $14,000; but, after talking the matter over, it was finally agreed that defendant would sell the property to Tielkemeier for $14,000, and the latter was sent to Levi and Epstein for the purpose of formally completing the sale, and thereupon Tielkemeier went to Levi and Epstein and closed the sale at the price agreed on. The plaintiffs claimed commissions on the sale, and the defendant refused to pay.

The defendant's evidence tended to prove that he had at no time employed the plaintiffs to make a sale of the property; that, in talking with them about it and other property, he might have stated the price at which he was willing to sell it, to wit, $15,000, but that he did not authorize them to find a purchaser for him. Concerning the negotiations with Tielkemeier the defendant's evidence was to the effect, that, at the interview, he informed Tielkemeier and plaintiffs' man that he could not talk with them about the sale of the property, for the reason that on that day he had given Levi and Epstein the exclusive right for two weeks to sell it for $14,000, and that, if Tielkemeier was not willing to wait until the expiration of that time, he would have to deal with Levi and Epstein; that the parties then left the defendant's place of business, and Tielkemeier went alone to see Levi and Epstein and bought the property from them for $14,000. The defendant paid Levi and Epstein the usual commissions on the sale.

All evidence of the plaintiffs is to the effect, that they were originally employed to sell the property for $15,000. Through their efforts Tielkemeier was led to make inquiries about the property with the view of buying it, but there is no evidence that he agreed with plaintiffs to give $15,000 for it, or that he would, under any circumstances, have given that sum. Hence, the only theory upon which the defendant can be held is that he accepted Tielkemeier as a purchaser at plaintiffs' hands and agreed to sell to him at the reduced price. It is evident from the declarations of law given by the trial judge that he did not hold to this view.

The instructions are as follows:

"If the court, sitting as a jury, believes from the evidence that the defendant employed the plaintiffs as real estate agents or brokers to sell for him the property mentioned in the evidence, and that plaintiffs, in pursuance of such employment, entered said property in their salesbook and catalogues, and advertised and offered said property for sale, and that through their efforts and advertisements said property was called to the attention of one Tielkemeier, and that said Tielkemeier desired to purchase said property and called at plaintiffs' office to inquire about the same and with a view of purchasing the same; and if the court further finds from the evidence that said Tielkemeier was then and there ready, willing, and able, to buy said property, and that thereupon the plaintiffs took said Tielkemeier to the defendant and introduced him as a person desiring to purchase said property, and that defendant then and there informed the plaintiffs' salesman and Tielkemeier that the price of said property was $14,000, and that he had on that morning given the exclusive right for two weeks to sell said property to Levi and Epstein, real estate agents, and on that account he could not sell the property himself; and if the court

further believes from the evidence that on the same day Tielkemeier purchased said property at said price through said Levi and Epstein, and that defendant conveyed the same to said Tielkemeier for said price upon a contract of purchase so made, and that defendant had not, prior to the time when the plaintiffs introduced said Tielkemeier to defendant, withdrawn said property from the plaintiffs, or revoked their agency or employment to sell the same (if they had been previously so employed), then the plaintiffs are entitled to recover the reasonable value of their services, and such commission as the evidence may show is usually charged in the city of St. Louis upon sales of real estate by real estate agents.

2. "And the court declares, as a matter of law, that under such circumstances the fact, that the defendant did on the morning of the day on which plaintiffs introduced the purchaser, Tielkemeier, to defendant, the defendant had placed said property in the hands of said Levi and Epstein and agreed with them that they should have the exclusive right for two weeks to sell the same constitutes no defense to the plaintiffs' right of recovery, if the facts which entitled plaintiffs to a verdict as above stated are proved to the satisfaction of the court, unless the court further finds from the evidence that, upon being informed of such employment of said Levi and Epstein, they acquiesced in the revocation at that time of their own agency in such manner, and before the sale to Tielkemeier, agreed with defendant not to charge any commission, and to look to said Levi and Epstein for their compensation, and that said sale was consummated on the faith of such agreement."

If the employment of the plaintiffs had been to find a purchaser for the property upon such terms as the defendant might thereafter determine to accept, then

the first instruction would probably be unobjectionable. But their own evidence shows that they contracted to find a purchaser who was willing to pay $15,000. This they did not do, so far as this record shows. They produced Tielkemeier, to whom the property was afterward sold for $14,000. To authorize them to claim commission on *that* sale, it devolved on them to show that the defendant accepted Tielkemeier as a purchaser at their hands, and by this is meant that he elected to avail himself of the services of the plaintiffs in securing Tielkemeier as a purchaser, and effected a sale to him at the reduced price.

On the other hand, if defendant refused to sell to Tielkemeier at the reduced price until after the expiration of the option given to Levi and Epstein, then we think there can be no recovery, for the defendant had the right to place the property with Levi and Epstein on the more favorable terms, and of this the plaintiffs can not complain unless they show that they were thereby prejudiced in the performance of their original undertaking.

Some objections are urged against the second declaration of law, which need not be gone into. We apprehend that there will be no difficulty about a retrial of the case upon what we conceive to be the correct theory. With the concurrence of the other judges the judgment of the circuit court will be reversed and cause remanded. It is so ordered. All the judges concur.